904 F.2d 46
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Howard J. SCHAEFFER, Appellant,
v.
Julien P. VERHEYDEN and John C. Martin, Appellees.
 Nos. 90-1111, 90-1112.
 United States Court of Appeals, Federal Circuit.
 May 30, 1990.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and LLOYD D. GEORGE, District Judge.*
 DECISION
 RICH, Circuit Judge.
 Appellant Schaeffer appeals from the September 28, 1989 decision of the Patent and Trademark Office Board of Patent Appeals and Interferences (Board), awarding priority of invention to appellees Verheyden and Martin (collectively Verheyden) in interferences Nos. 101,128 and 101,500. We affirm.
 OPINION
 The sole issue on appeal is whether the board erred in awarding priority to Verheyden on the ground that Schaeffer "suppressed or concealed" within the meaning of 35 USC 102(g), the invention of the counts, because of the 45 month delay from his reduction to practice date of November, 1977 until his effective filing date of August, 1981. More specifically, since Schaeffer does not appear to contend that the 45 month delay period is not sufficient to raise the inference of suppression and concealment, the issue is whether Schaeffer's activities during the delay period excuse the delay; i.e., establish that it was not unreasonable.
 We agree with the Board that the activities do not. By July of 1980, Schaeffer had developed the method which was used for scaled-up production of the compound of the counts (DHPG).[1] Also by this time, Schaeffer knew that DHPG was a very active antiviral compound, not only against herpes simplex I and II, but also against equine rhinopneumonitis.[2] We do not reach the issue of whether the activity in the U.K. can be taken into account in view of 35 USC 104, since we agree with the Board that the activity in the U.K. in the latter half of 1980 and in 1981 was primarily directed toward toxicity testing and obtaining government approval, and was primarily for the purpose of commercialization. In this regard, we point out that while it is generally stated that time spent perfecting an invention is excusable, the amount of time spent must still be reasonable. See Young v. Dworkin, 489 F.2d 1277, 1284, 180 USPQ 388, 393-394 (CCPA 1974) (Rich, J., concurring).
 
 
 
 *
 Judge Lloyd D. George of the District of Nevada, sitting by designation
 
 
 [1]
 The Board did make one clearly erroneous finding of fact when it concluded that Ms. Beauchamp had developed a method which produced an 81% yield of DHPG, rather than of an intermediate. However, we do not find this error to be critical in view of the fact that this method was considered acceptable enough to be turned over for scaled-up production--an activity which the Board found to be directed toward commercialization
 
 
 [2]
 While the Board's opinion does not specifically address the issue, the testimony of Dr. Rollinson shows the discovery of utility against equine rhinopneumonitis in vitro by April or May of 1980. Therefore, we find unpersuasive Schaeffer's argument that the delay from July of 1980 to August of 1981 was excusable based on a need to discover a utility different than that disclosed in Schaeffer's U.S. Pat. No. 4,199,574